**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**THOMAS G. MANSKE,**

    **Plaintiff,**

  v.                                                                      **Case No. 11-CV-746**

**CAROLYN W. COLVIN,**
**Acting Commissioner of Social Security,**

    **Defendant.**

---

**DECISION AND ORDER APPROVING AN AWARD OF ATTORNEY'S FEES**
**PURSUANT TO 42 U.S.C. § 406(b)**

---

On September 19, 2011, I granted a motion for reversal and remand of the Social Security Commissioner's decision denying benefits to the plaintiff, Thomas G. Manske ("Manske"), pursuant to Sentence Six of Section 405 of the Social Security Act, 42 U.S.C. § 405(g). On remand, another hearing was conducted, and the Administrative Law Judge ("ALJ") issued a partially favorable decision finding that Manske was disabled as of February 16, 2011. Manske's attorney appealed that decision, which was remanded by the Appeals Council. Another hearing was conducted, and on February 19, 2015, the ALJ issued a favorable decision finding that Manske was disabled as of April 27, 2007. (Docket # 13 at 3.) On June 21, 2015, the Social Security Administration ("the Administration") determined that Manske was due $53,295.00 in past-due benefits.

Manske signed an agreement with his attorney that entitled his attorney to 25% of the benefit award. (Docket # 13-7.) The Administration has withheld $13,323.75 from Manske's past due benefits (25% of $53,295.00 is $13,323.75). (Docket # 13-5.) Manske's son also received benefits as

a result of Manske's attorney's work, and the Administration provided notice that it has withheld $6,791.50 from Manske's past due benefits based on the benefits awarded to his son. (Docket # 13-6 at 2.) Manske's motion now seeks that the total amount—$20,115.25—be awarded to his counsel in accordance with the fee agreement. I also note that by an order also issued today, Manske's attorney was awarded fees under the Equal Access to Justice Ace ("EAJA") in the amount of $12,768.71.

An attorney who succeeds in obtaining benefits for a social security claimant may recover fees pursuant to 42 U.S.C. § 406. Section 406(a) governs fees for representation in administrative proceedings before the Social Security Administration ("SSA"); § 406(b) controls fees for representation in federal court. *Kopulos v. Barnhart*, 318 F. Supp. 2d 657, 660 (N.D. Ill. 2004) (citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002)). The statute provides for a "reasonable fee" not to exceed 25% of the past-due benefits awarded to the claimant. *Id.* at 661. Such fees are deducted from the claimant's retroactive benefits; they do not constitute an award against the government. *Id.*

If the attorney previously obtained fees from the government under the EAJA for work performed in court, such award offsets the allowable fee under § 406(b). *Id.* at 664; *see also Hanrahan v. Shalala*, 831 F. Supp. 1440, 1452 (E.D. Wis. 1993) (stating that "when attorney's fees are awarded under both the SSA and the EAJA for the same services, an attorney is entitled to keep the larger fee but must return the smaller fee to the claimant").

The court must approve any fee under § 406(b). Congress intended such review not to override the claimant and counsel's fee arrangement but rather to act as an "independent check" to ensure that the arrangement yielded a reasonable result in the particular case. *Gisbrecht*, 535 U.S. at 807. "Congress has provided one boundary line: Agreements are unenforceable to the extent that

they provide for fees exceeding 25 percent of the past-due benefits." *Id.* Within the 25% boundary, the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered. *Id.* In making this determination, the court may consider the character of the representation and the results obtained, reducing an award if the attorney is responsible for delay in the proceeding that had the effect of inflating past-due benefits, or if the fee is so large in comparison to the amount of time counsel spent on the case that the fee would constitute a windfall to the attorney. *Id.* at 808.

As noted above, plaintiff entered into a 25% contingency fee agreement with counsel. (Docket # 13-7.) Twenty-five percent of his past due benefits (including those awarded to his son) totals $20,115.25. Counsel has also been awarded $12,768.71 in EAJA fees. Therefore, any fees paid out of the past due benefits will be offset by the attorney refunding the EAJA award. Counsel contends that the fee is reasonable; he began representing the plaintiff at the administrative level in June 2008. Counsel has represented Manske at three administrative hearings, twice before the Appeals Council, filed a case in this District, and ultimately persuaded the ALJ to award benefits—not only to Manske but also to his son. Both Manske and his son began receiving benefits in December 2012 while counsel appealed the partially-favorable decision. Counsel further states that, given the contingent nature of the representation, the express contract, and the absence of any reason why the award from the overall past-due benefits would be unjust, the requested fee is reasonable.

Pursuant to *Gisbrecht*, I find the requested fee is reasonable. As noted above, counsel has obtained a fully favorable result. In achieving that result, counsel has represented Manske at multiple hearings and through multiple appeals (including one to the District Court). Manske was ultimately

- 3 -

awarded benefits and then, later, back benefits in the amount of $53,295.00. Manske's son also received benefits (and back benefits). Finally, the fee does not constitute a windfall to the attorney. The amount sought by counsel under § 406(b) is within the 25% permitted by law and provided for in the fee agreement. The fee of $20,115.25 for 70.90 hours of work[1] (Docket # 13-9) equates to an hourly fee of approximately $284/hour, and this is well within the realm of reasonable fees approved by the courts in this circuit. *See Koester v. Astrue*, 482 F. Supp. 2d 1078, 1081 (E.D.Wis. 2007) (approving hourly rate of $580.67 per hour for 38.80 hours of work); *Stemper v. Astrue*, No. 04-CV-838, 2008 WL 2810589, *1 (W.D. Wis. July 14, 2008) (approving rate hourly rate of $666 per hour); *Hussar-Nelson v. Barnhart*, No. 99 C 0987, 2002 WL 31664488, *3 (N.D. Ill. Nov. 22, 2002) (approving hourly rate of approximately $393.00 per hour for 53.90 hours of work).

**NOW, THEREFORE, IT IS HEREBY ORDERED** that plaintiff's motion for an award of attorney's fees pursuant to 42 U.S.C. § 406(b) is hereby **GRANTED**, and Attorney Thomas E. Bush is awarded fees in the amount of $20,115.25.

Dated at Milwaukee, Wisconsin this 14th day of September, 2015.

BY THE COURT:

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge

---

[1] Counsel provides a time sheet that contains not only his hours, but also the hours for other members on his office. However, his fee alone is reasonable (even without the additional 14.50 hours from other attorneys and paralegals).